UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CASE NO. 3:07-CV-380-R

THORNTONS INC.,                                                                                        PLAINTIFF

v.

CHICAGO TITLE INSURANCE COMPANY,                          DEFENDANT

## MEMORANDUM OPINION

This matter comes before the Court on Defendant Chicago Title Insurance Company's Motion to Transfer Pursuant to 28 U.S.C. § 1404 (Docket #13). Plaintiff Thorntons, Inc. has filed a response. (Docket #14). Defendant has filed a reply (Docket #16). Plaintiff has filed a Motion to Strike Defendant's reply (Docket #18). This matter is now ripe for adjudication. For the reasons that follow, Plaintiff's Motion to Strike is DENIED and Defendant's Motion to Transfer is DENIED.

## BACKGROUND

Plaintiff Thorntons is a Delaware Corporation with its principal place of business in Louisville, Kentucky. On March 26, 2002, Thorntons entered into an Amended and Restated Lease Agreement ("Lease") with Burwell Management Company for two contiguous tracts of land located in Lincoln, Illinois ("Tracts 1 and 2"). Burwell Management Company is a Missouri Corporation acting as manager and agent for Lincoln Travel Plaza, LLC and BLP Lincoln Properties, LLC. Lincoln Travel Plaza and BLP Lincoln Properties are Illinois limited liability companies and the owners of Tracts 1 and 2.

Tract 1 is used by Thorntons as one of its stores. Tract 2 is a vacant lot that lies between

Tract 1 and a Wendy's fast food restaurant. The Lease gave Thorntons the option to purchase the Tracts during the first thirteen years of the lease term.

In conjunction with the execution of the Lease, Thorntons obtained a title insurance policy for Tracts 1 and 2 from Defendant Chicago Title Insurance Company ("CTIC"). CTIC is a Missouri Corporation with its principal place of business in Chicago, Illinois.

In January 2006, Thorntons exercised its right to purchase Tracts 1 and 2. On January 16, 2006, Burwell Management Company informed Thorntons that the Wendy's restaurant next to Tract 2 had a lease agreement that allows Wendy's to use Tract 2 as a parking lot ("Wendy's Lease"). The Wendy's Lease had been recorded in the Logan County Recorder's Office on September 6, 1996.

Thorntons filed a claim with CTIC under the title insurance policy. Thorntons alleges that CTIC has failed to resolve Thorntons's claim, which led to Thorntons filing suit in Jefferson County Circuit Court. On July 20, 2007, this case was removed to the Western District of Kentucky. CTIC now requests that the case be transferred to a district court in Illinois.

**STANDARD**

A federal court is empowered to transfer a case to a more appropriate federal forum under 28 U.S.C. § 1404. In determining whether transfer is appropriate, the Court must analyze (1) whether the action "might have been brought" in the proposed transferee forum and (2) whether the transfer promotes the interests of convenience and justice. *Rutherford v. Goodyear Tire & Rubber Co.*, 943 F. Supp. 789, 791 (W.D. Ky.1996).

A district court may transfer any action to any other district or division where it might have been brought "to prevent the waste 'of time, energy, and money' and 'to protect litigants,

witnesses, and the public against unnecessary inconvenience and expense.'" *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964) (quoting *Cont'l Grain Co. v. Barge FBL-585*, 364 U.S. 19, 26 (1960)). The Court "has broad discretion to grant or deny a motion to transfer." *Phelps v. McClellan*, 30 F.3d 658, 663 (6th Cir. 1994). The party moving for the transfer of venue bears the burden to show that transfer is appropriate. *Picker International, Inc. v. Travelers Indemnity Co.,* 35 F. Supp 2d. 570, 573 (N.D. Ohio 1998).

Plaintiff's choice of forum should only be changed if the balancing of convenience, considering the relevant factors, is strongly in favor of a transfer. *Kay v. National City Mortgage Co.,* 494 F. Supp. 2d 845, 850 (S.D. Ohio 2007). Relevant factors include (1) the convenience of witnesses; (2) the location of relevant documents and the relative ease of access to sources of proof; (3) the convenience of the parties; (4) the locus of the operative facts; (5) the availability of process to compel attendance of unwilling witnesses; (6) the relative means of the parties; (7) a forum's familiarity with the governing law; (8) the weight accorded the plaintiff's choice of forum; and (9) trial efficiency and the interests of justice based upon the totality of the circumstances. *See, e.g., Kentucky Speedway, LLC v. Nat'l Ass'n of Stock Car Racing, Inc.,* 406 F. Supp 2d. 751 (E.D. Ky. 2005) (quoting *Viron Int'l Co. v. David Boland, Inc* ., 237 F. Supp 2d. 812, 816 (W.D. Mich.2002)); *Excelsior Designs, Inc. v. Sheres*, 291 F. Supp 2d. 181, 185 (E.D.N.Y.2003).

## ANALYSIS

### I. Motion to strike

Defendant's Motion to Transfer requests that the Court transfer this action to a court in the Northern District of Illinois. Defendant mistakenly believed that Tracts 1 and 2 are located

in the Northern District. In its response, Plaintiff observed that Tracts 1 and 2 are located in the Central District of Illinois. In its reply, Defendant argues that either the Northern District or the Central District would be an appropriate forum for this action.

Plaintiff has filed a motion to strike Defendant's reply to the extent that it seeks to transfer this action to the Central District. Plaintiff argues that Defendant has waived this argument because it was first raised in the reply.

Defendant's motion to transfer focuses on the location of the property at issue, the location of witnesses, the location of potential third party defendants, and the location of relevant evidence. Defendant's arguments in favor of transfer to the Northern District can be analyzed as if Defendant had originally requested transfer to the Central District. Plaintiff was aware that Defendant's arguments focused on whether a court in Illinois is a more appropriate forum in this case than a court in Kentucky. Plaintiff responds to those arguments, submitting to the Court Plaintiff's own arguments for why a Kentucky court is an appropriate forum. Therefore, the Court finds that it is unnecessary to strike Defendant's reply.

**II. Motion to Transfer**

In deciding a motion to transfer, the moving party must first demonstrate that the action might have been brought in the proposed transferee forum. Neither party has presented any evidence or submitted any argument that this action could not have been brought in the Central District of Illinois. The Court's analysis will focus on whether a transfer to the Central District of Illinois would be appropriate when considering the interest of justice and the convenience of the parties and witnesses.

*A. Convenience of witnesses*

4

The convenience of witnesses is one of the chief considerations when deciding a motion to transfer. *Kay v. National City Mortgage Co.*, 494 F. Supp 2d. 845, 852 (S.D. Ohio 2007). In determining which forum is more convenient for the witnesses, the residence of the key witnesses is a greater consideration than the raw number of witnesses living in a jurisdiction. *Thomas v. Home Depot, U.S.A., Inc.,* 131 F. Supp 2d. 934, 937 (E.D. Mich. 2001). For example, the convenience of one vital witness may outweigh the convenience of several unimportant witnesses. *Id.*

The first witness identified as material witness is Rodney K. Young. Young conducted a survey of the Tracts, which identified possible easements relating to the title defect Plaintiff is claiming under its title insurance policy. The survey is listed as an exception to the title insurance policy. This would make Young's testimony highly relevant to Defendant's potential liability. However, as Young is a resident of Evansville, Indiana, he would not find traveling to Illinois to be any more convenient than traveling to Kentucky.

Defendant offers several other potential witnesses who are Illinois residents. Thomas Ashley (the current lessee under the Wendy's Lease) and Eugene Burwell (the original owner of the Tracts) are both Illinois residents. Defendant also states that certain employees of the Logan County Title Company (which performed the title search) could be called as witnesses. However, Defendant does not give the Court enough information to determine if these potential witnesses are key witnesses, or if the witnesses would merely be offering testimony readily available from other sources.

Plaintiff identifies Curt Burwell as a material witness. Plaintiff states that Burwell negotiated the Lease on behalf of Burwell Management Company. Burwell also signed a

document attesting that there were no liens, leases, or encumbrances on Tract 2. But as a resident of New York, Burwell would be equally inconvenienced by traveling to Illinois or Kentucky.

As a whole, this factor does not weigh in favor of transfer to the Central District of Illinois. There has been no showing by either party that the key witness in this case would find one forum more convenient than the other. Though Defendant lists several potential witnesses who are Illinois residents, without a clear idea of importance of the witnesses' testimony the Court cannot give this factor great weight in deciding whether to transfer this case.

*B. The relative ease of access to sources of proof*

Defendant claims that many of the relevant documents, particularly the Tract 2's title records, are located in Illinois. Plaintiff claims that other relevant documents are located in St. Louis, Missouri, and Louisville, Kentucky.

While the title records are certainly relevant, the location of documents is of minor importance in the Court's balancing of relevant factors. The documents can easily be transported via mail, facsimile, or email.

Defendant also claims that Plaintiff's claimed damages will require the parties to take proof regarding the value of the Tract 2, the Illinois mortgage market, and the value of real estate in Illinois. However, Defendant does explain why holding court in Kentucky will prevent them from determining real estate values in Illinois. For this reason, the Court finds that this factor does not weigh strongly in favor of transfer.

*C. The availability of process to compel attendance of unwilling witnesses*

Defendant argues that compulsory process is available for a greater number of potential

witnesses in Illinois than in Kentucky. However, this situation requires a more fact specific inquiry. As with the above discussion of the convenience of witnesses, the importance of the witnesses testimony is of great concern. Also of concern is whether the witnesses live testimony is necessary, and whether there is some indication that the witness is unwilling to testify voluntarily. *Thomas v. Home Depot, U.S.A., Inc.,* 131 F. Supp 2d. 934, 940 (E.D. Mich. 2001). For example, Defendant has shown that Rodney Young is a material witness. However, there has been no argument made that Young's live testimony is necessary, and there is no indication that Young would not testify voluntarily. Therefore, the Court cannot find that this factor weighs in favor of transfer of this action

*D. Trial efficiency and the interests of justice*

Defendant argues because Tract 2 is located in Illinois, the state of Illinois has a public policy interest in deciding a breach of a title insurance policy covering real property located within the state. Defendant also argues that Illinois has an interest in a deciding the valuation of real property located within the state.

Plaintiff, a Kentucky corporation, has alleged an injury and is seeking a remedy. Kentucky has a public policy interest in seeing that its corporations are protected by the insurance policies they purchase. Because Kentucky, as well as Illinois, has a substantial interest in this matter, this factor does not weigh in favor of transfer.

Finally, Defendant argues that third party defendants may be added to this litigation. Defendant's motion states that the predecessors in the chain of title in this dispute are potential third party defendants. This would include C. Eugene Burwell (the initial owner of the Tracts) and BLP Lincoln Properties LLC (the entity that subsequently received its interest in the tracts).

Defendant also states that if Burwell or BLP Lincoln Properties failed to fully disclose all title issues, then they will have exposure to CTIC or Thorntons in this case.

Defendants also argue that there is no evidence that would indicate that the Court has jurisdiction over any of those potential third party defendants. Concerns over jurisdiction, which are relevant to concerns of judicial economy and multiplicity of actions, may be considered when deciding a motion to transfer a case.

If a defendant shows that it was ready to bring in a specific third party defendant with a specific theory of liability, but was prevented by a demonstrable lack of personal jurisdiction over the third party defendant, transfer of the action would be most likely be appropriate. However, merely stating that third party defendants may be brought in and that this would raise jurisdictional concerns, would not be particularly helpful in deciding a motion to transfer.

In this case, Defendant has not sufficiently demonstrated to the Court that a specific third party defendant should be brought into this action, and that the Court's lack personal jurisdiction over the third party defendant would result in a multiplicity of actions should transfer be denied. Therefore, the Court cannot find that this factor weighs strongly in favor of a transfer of venue.

*E. Conclusion*

None of the above factors weigh strongly in favor of a transfer of this action to the Central District of Illinois. Defendant has not met its burden to show that transfer of this action is appropriate. When all the relevant factors are analyzed, there is insufficient justification for the Court to disturb Plaintiff's choice of forum.

**CONCLUSION**

For the above reasons, Plaintiff's Motion to Strike is DENIED. Defendant's Motion to Transfer is DENIED.

An appropriate order shall issue.