UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CASE NO. 3:07-CV-380-R

THORNTONS INC.,                                                                                   PLAINTIFF

v.

CHICAGO TITLE INSURANCE COMPANY,                                              DEFENDANT

## MEMORANDUM OPINION

This matter comes before the Court on Defendant Chicago Title Insurance Company's Motion to Reconsider transfer of venue pursuant to 28 U.S.C. § 1404 (Docket #32). Plaintiff Thorntons, Inc. has responded (Docket #37). Defendant has replied (Docket #40). This matter is now ripe for adjudication. For the reasons that follow, Defendant's Motion to Reconsider is GRANTED.

## BACKGROUND

Plaintiff Thorntons leased, with an option to purchase, two tracts of land located in Lincoln, Illinois. At the time Plaintiff entered the lease agreement, it obtained a title insurance policy from Defendant Chicago Title. In 2006, when Plaintiff opted to purchase the land, it was notified one of the tracts of land previously had been leased to Thomas Ashley for use as a parking lot ("the Ashley lease"). The existence of the Ashley lease led Plaintiff to file a claim with Defendant under the title insurance policy. Plaintiff alleges that Defendant failed to resolve the claim, which led to Plaintiff filing suit in Jefferson County Circuit Court. On July 20, 2007, this action was removed to the Western District of Kentucky.

Defendant previously requested that this action be transferred to the Central District of

Illinois.  The Court denied Defendant's motion, finding that Defendant did not satisfy its burden of demonstrating that transfer was appropriate (Docket #24 and 25).  In particular, the Court found that it was given insufficient information regarding the potential witnesses to justify disturbing Plaintiff's choice of forum.  Defendant has now filed a Motion to Reconsider that decision.

## STANDARD

A federal court is empowered to transfer a case to a more appropriate federal forum under 28 U.S.C. § 1404.  In determining whether transfer is appropriate, the Court must analyze (1) whether the action "might have been brought" in the proposed transferee forum and (2) whether the transfer promotes the interests of convenience and justice.  *Rutherford v. Goodyear Tire & Rubber Co.*, 943 F. Supp. 789, 791 (W.D. Ky.1996).

A district court may transfer any action to any other district or division where it might have been brought "to prevent the waste 'of time, energy, and money' and 'to protect litigants, witnesses, and the public against unnecessary inconvenience and expense.'"  *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964) (quoting *Cont'l Grain Co. v. Barge FBL-585*, 364 U.S. 19, 26 (1960)).  The Court "has broad discretion to grant or deny a motion to transfer." *Phelps v. McClellan*, 30 F.3d 658, 663 (6th Cir. 1994).  The party moving for the transfer of venue bears the burden to show that transfer is appropriate.  *Picker International, Inc. v. Travelers Indemnity Co.,* 35 F. Supp 2d. 570, 573 (N.D. Ohio 1998).

## ANALYSIS

The parties have not disputed that this action could have been brought in the Central District of Illinois.  Diversity jurisdiction exists under 28 U.S.C. § 1332.  Venue is appropriate

2

under 28 U.S.C. § 1391, as it is a judicial district where a substantial part of the events giving rise to this claim occurred. Therefore, the issue before the Court is whether transfer to the Central District of Illinois would promote the interests of justice and the convenience of the parties and witnesses.

In denying Defendant's initial motion to transfer, the Court found little reason why this case would be better litigated in either Kentucky or Illinois. Both parties have the financial means to litigate in a foreign state. Neither party offered any explanation why a necessary or important nonparty witness would find one jurisdiction more convenient than the other. Neither party made a showing that they could suffer actual prejudice if the case were either transferred or not transferred. While Defendant stated that it was possible that it would bring a third party complaint in this action, Defendant was vague as to who the third party would be and the legal theory under which it would be brought into this action. As neither party had made a compelling argument why one forum would be more appropriate for this action, the Court declined to disturb Plaintiff's choice of forum.

At the time the Court declined to use its discretion to transfer this case to the Central District of Illinois, there appeared to be no dispute that there was an actual defect in the title. Defendant now states that it has discovered that the Ashley lease, which is the title defect under which Plaintiff made its title insurance policy claim, may not be a valid lease. Under these circumstances, Thomas Ashley would be a key witness for Defendant.

If the Ashley lease is invalid, it appears that Defendant would not be liable to Plaintiff, as there would be no title defect. Therefore, it may be important for Defendant to be able to secure Ashley's testimony. As an Illinois resident, he would be subject to the subpoena power of a

court in the Central District of Illinois. Additionally, if Ashley is ultimately called to testify at trial, he would find the Central District of Illinois to be a more convenient location that the Western District of Kentucky.

If the validity of the Ashley lease is at issue, it is also more likely that everyone involved in the Ashley lease will be called to testify. The other party to the lease is C. Eugene Burwell, a resident of Illinois. He would also be subject the subpoena power of a Court in the Central District of Illinois. Even if his testimony could be secured willingly, he would find it more convenient to testify in Illinois than in Kentucky.

Other potential witnesses, although neither party has offered enough information for the Court to determine the importance of their testimony, reside in Illinois. For example, it is likely that one of the parties will call an employee of the Logan County Title Company to testify, as it is the company that performed the title search related to the title insurance policy. As with the other Illinois residents, transferring this action to Illinois would be both more convenient for the witnesses, and would greatly aid the parties in securing their testimony.

Plaintiff argues that the Ashley lease is in fact valid, and Defendant is raising it as an issue solely to justify its motion to transfer. However, the burden imposed on Plaintiff if transfer is granted would be minimal. Plaintiff has not submitted any witnesses whose testimony it would be unable to secure if the motion to transfer is granted. There are potential witnesses that that would be under the subpoena power of this Court and not a court in the Central District of Illinois. However, those witnesses are Plaintiff's president and general counsel. As such, there is little danger that Plaintiff will be unable to secure their testimony. Both parties agree that they have the resources to litigate in a foreign state. Therefore, Plaintiff would not be prejudiced by

shifting to it the burden inherent in litigating outside of its home jurisdiction.

The only reason given by Plaintiff as to why this action should be litigated in Kentucky is that is where Plaintiff choose to litigate.  Given the potential importance of Defendant securing the testimony of certain Illinois residents combined with the lack of a compelling argument why Kentucky is the appropriate forum for this lawsuit, the Court finds that it is in the interests of justice and the convenience of the parties and witnesses to transfer of this action to the Central District of Illinois.

## CONCLUSION

For the above reasons, Defendant's Motion to Reconsider transfer is GRANTED.

An appropriate order shall issue.